## Petition of WILLIAM PATRICK KELLY.

No. 11693.
June 17, 1969.
Order June 24, 1969.
Supplemental Opinion July 14, 1969.
456 P.2d 57.

On Appeal From Denial of Petition William Patrick Kelly, pro se.

### MEMO OPINION

PER CURIAM:

An inmate of the state prison seeks a writ of habeas corpus from this Court, alleging that his sentence of five years for burglary was void in that, in effect, he was not advised of his right to counsel nor provided counsel in district court. Subsequently the inmate received a one-year sentence for escape.

The petitioner does not attach the minutes of the district court to his petition although we are informed that such minutes were prepared and forwarded to the prison. We are also informed that the inmate has received the minutes and all court papers concerned.

Being unable to ascertain the true record in this matter, this Court is referring the petition for the writ of habeas corpus to the district court of the eighth judicial district in and for the County of Cascade for its consideration. The clerk of this Court shall forthwith mail to the clerk of the district court of the eighth judicial district in and for the County of Cascade a copy of this order together with the petition and all attached papers and shall also mail a copy of this order to petitioner.

## ORDER

PER CURIAM:

Petitioner having filed a supplemental brief with attached copies of the court minutes and selected papers from the court file in criminal cause #5446A in the district court of the eighth judicial district of the State of Montana in and for the County of Cascade,

And said filing having occurred subsequent to referral of this matter to the said district court by Per Curiam Order of this Court dated June 17, 1969,

It is ordered that said entire supplemental filing be mailed to the said district court for its consideration in this matter and that a copy of this order be mailed to petitioner.

SUPPLEMENTAL MEMO OPINION

PER CURIAM:

This is an appeal from an order denying a writ of habeas corpus by the district court of the eighth judicial district, Cascade County, the Hon. R. J. Nelson, district judge presiding. We affirm.

450

: Petitioner is an inmate of the Montana state prison who heretofore filed with this Court a pro se application for habeas corpus seeking his release from prison. His petition alleges that his five year sentence for burglary is void in that he was not advised of his right to counsel nor provided counsel in the district court; and that because he was illegally imprisoned in the first instance on this burglary conviction, his subsequent conviction and sentence for escape from the state prison is likewise void. Because the court minutes and papers were not attached to the petition and we were unable to ascertain the true state of the record, this Court remanded the petition to the district court for its consideration by order dated June 17, 1969 and supplemental order dated June 24, 1969.

The district court, after reviewing the minutes, the court file, and the court reporter's transcript of the proceedings, entered findings of fact, conclusions of law, and an order denying petitioner's application on July 1, 1969. Thereafter petitioner, on July 9, 1969 filed his appeal from that order with supporting papers and brief.

The record indicates that petitioner and another were jointly charged with burglary by information filed in the district court of Cascade County on June 29, 1965. At the time of petitioner's arraignment he was advised by the district judge of his right to counsel, either retained or appointed at public expense; that petitioner was advised of the charge against him and the penalty upon conviction; that petitioner expressly informed the district judge that he did not wish counsel and desired to waive counsel.

Petitioner entered a plea of guilty, a presentence investigation and report was ordered and furnished, and on July 19, 1965 petitioner appeared for sentencing but the imposition of sentence was deferred with petitioner placed on probation for 5 years on the condition that he serve six months in the county jail with work privileges while therein. Petitioner acceded to

these conditions and served five days less than the six months voluntary commitment.

On July 20, 1966 request was made by the district probation and parole officer to revoke petitioner's probation on the basis of violations thereof. Petitioner was extradited from Utah and a hearing held on September 21, 1966. Petitioner admitted the violations with one exception and deferment of sentence was continued on condition that petitioner voluntarily serve another six months in the county jail with work privileges. Petitioner acceded and served the six months. The district court did not advise petitioner of his right to counsel nor appoint counsel at this hearing as it was merely a continuation of the same cause in which petitioner had previously waived counsel.

On the day of his release from the county jail, petitioner was arrested for an assault in which he used a deadly weapon. On March 8, 1967 a petition was filed for revocation of his probation in the district court on the grounds of (1) petitioner's association with another probationer, (2) drinking alcoholic beverages, and (3) committing an assault with a broken bottle and a hunting knife. Hearing was held, petitioner's probation was revoked, and petitioner was sentenced to five years in the state prison on the original burglary charge.

Petitioner admitted the violations at the hearing, did not request counsel and the district court did not appoint counsel inasmuch as petitioner had originally waived counsel in the same cause and this was merely a continuation of that proceeding.

Subsequently petitioner escaped from the state prison, was apprehended and charged with escape and sentenced to one year on the escape charge.

Petitioner now contends that he was denied assistance of counsel under the 6th and 14th amendments to the United

States Constitution in that he was not advised of his rights to counsel, either retained or appointed, at the hearing on revocation of his probation under the deferred imposition of sentence, did not waive such right, and therefore his five year sentence following revocation is void. He also contends that because he was illegally imprisoned under this void sentence at the time of his escape, his escape sentence is likewise void and he is entitled to immediate release from prison. Petitioner refers us to various authorities in support of his position, chiefly Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, and the retroactive application thereof, and companion cases McConnell v. Rhay and Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (Oct. 14, 1968).

Petitioner is correct in his fundamental position that he is entitled to assistance of counsel, either retained or appointed, at a hearing on revocation of probation and deferred imposition of sentence as well as at the subsequent sentencing following revocation. Petitioner is also correct in that this requirement is retroactive in its operation and not confined to hearings held after November 13, 1967, the date of the decision in *Mempa*.

But here petitioner voluntarily waived this right to counsel in this case at his original appearance before the district court on June 29, 1965. He told the district court that he did not want counsel and expressly waived this right. He also told the district probation and parole officer during presentence investigation "that his rights had been explained fully to him but that he was guilty as charged and that he sees no reason to waste county funds to hire an attorney." The subsequent hearing on revocation followed by sentencing on the original charge is no less part of the case than if sentence had been pronounced immediately upon entry of his plea of guilty. As petitioner waived his right to assistance of counsel in the case, he has no cause to complain herein.

The decisions cited by petitioner are not controlling precedent in the instant case because those cases involved situations where the petitioner had originally exercised his right to assistance of counsel in his case in the original proceedings but no counsel was afforded him at subsequent revocation and sentencing procedures. The reasoning therein also involves Washington statutes dissimilar to those of Montana.

The order of the district court dismissing petitioner's application for Writ of Habeas Corpus is affirmed.