PETITION OF ELWOOD C. BRITTINGHAM.

No. 11929.
Decided Aug. 19, 1970.
473 P.2d 830.

Elwood C. Brittingham, pro se.

PER CURIAM:

This is a petition filed by Elwood C. Brittingham, an inmate of the state prison, appearing pro se.

He alleges that he was convicted on April 6, 1966, of first degree burglary, this conviction based on his plea of guilty with the advice and consent of his court appointed counsel. The court ordered that imposition of sentence be deferred for a period of one year and that he be discharged from custody.

Some seven months later the county attorney moved to have petitioner's probation revoked on the grounds that he had been involved in certain illegal activities contrary to the probationary order and his failure to report to the probation officer.

A hearing was held on October 18, 1966, and present at the hearing were the district judge, petitioner, county attorney and probation officer. At the hearing testimony was taken from the probation officer showing that petitioner had violated the terms of his probation. The transcript of this hearing shows conclusively that petitioner was not represented by counsel nor was he apprised of his right to have counsel present. The court merely asked petitioner, ''do you have any objection to this hearing?'' Whereupon petitioner answered ''no''. At the close of the testimony the court stated:

''The record will reflect in this regard that counsel who was appointed to represent this defendant at the time of the original hearing had been apprised of this proceeding and stated he had no desire to appear.''

Finding petitioner violated his parole, the court ordered that he be confined to the Montana state prison for a term of seven years.

On July 1, 1970, the petitioner filed a motion to vacate the October 18, 1966 order with the district court on the grounds that he was not represented by counsel at the time of sentencing. On that same day the district court denied the motion

"* * * for the reason that the record affirmatively shows that at the time of the hearing on the question of revocation of parole, i. e., October 18, 1966, counsel for the defendant advised the Court that he had no desire to appear on behalf of the petitioner and that the petitioner lodged no objection to the proceedings that took place and that. resulted in his being sentenced to imprisonment."

On July 21, 1970, petitioner filed a pro se petition with this Court asking that the trial court's order be vacated because (1) he was not represented by counsel at the time of sentencing on October 18, 1966 nor during the revocation hearing preceding sentencing (2) he had never been in court before and he did not know of the right to counsel at this "vital stage of the proceedings" nor was he ever apprised of this right by anyone, (3) he did not at any time voluntarily waive the right to counsel, and (4) if he had been afforded counsel at the revocation hearing he could have successfully defended against the charges.

In 1963 the United States Supreme Court in deciding the case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, held that the Sixth Amendment right to counsel applied to the states in all felony proceedings through the Fourteenth Amendment. Gideon did not enumerate all the proceedings at which counsel is required to be present. However, the enumeration of these various stages at which counsel is required was earlier set forth by that Court in three landmark cases. In Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed.2d 1690, the Court held that absence of counsel during

528

sentencing after a plea of guilty deprived the defendant of the due process right to counsel. The court added at page 741, 68 S.Ct. at page 1255:

"In this case, counsel might not have changed the sentence, but he could have taken steps to see that the conviction and the sentence were not predicated on misinformation or misreading of court records, a requirement of fair play which absence of counsel withheld from this prisoner."

In Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167, there was held to be a violation of the Fourteenth Amendment due process where defendant did not knowingly and intelligently waive his right to counsel before entering a plea of guilty. The Court emphasized the prejudice that would result from an absence of counsel at the sentence hearing following a guilty plea and stated at page 160, 78 S.Ct. at page 194:

"The right to counsel is not a right confined to representation during the trial on its merits."

In a still later case, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, the Court said:

"The services of counsel at the deferred sentencing stage are necessary to insure that certain rights, such as that of appeal, are seasonably asserted and to afford the defendant the substantial assistance which might be neceessary in various other situations at that stage."

It is clearly recognized that the cases of Gideon, Townsend, Moore and Mempa stand for the proposition that counsel is required at every stage of the proceedings where substantial rights of the defendant are affected. Particularly, these cases illustrate that sentencing is a stage in the judicial proceedings involving substantial rights of a defendant.

The need for counsel at a revocation of a deferred imposition of sentence hearing becomes even more important when it is considered that the final imposition of sentence, on the prior plea of guilty, is based on an alleged commission of offenses for which defendant has never formally been charged or tried.

This type of proceeding is to be differed from a revocation of parole where the defendant has been sentenced to prison and after service of some time is released on temporary probation. This Court in Petition of Larry P. High Pine, 153 Mont. 464, 457 P.2d 912, held that here is no federally protected right to counsel in that type of parole revocation hearing. In this latter situation the adversary system had run its course and the correctional process had taken over.

The system of deferred imposition of sentence is an enlightened judicial step in the right direction as it affords the courts more leeway in decisions where factors such as background and future conduct of the defendant might be important. We take this opportunity to acknowledge the well accepted rule that a lawyer must be present at a sentence hearing whether it is called a revocation of parole or revocation of deferred imposition of sentence. A lawyer who is appointed to represent a defendant in the trial stages has not completed his job until a final sentence is passed and the time for appeal has lapsed. It would likewise be unacceptable to say that a defendant does not have a right to counsel because his appointed counsel did not want to appear at the sentence hearing.

The right to counsel at this stage in the proceedings is akin to all other constitutionally protected rights and may be lost by a knowing and conscious waiver. However, a defendant does not knowingly waive his right to counsel by merely not lodging an objection to the proceedings.

The judgment of the district court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

CASTLES, Justice (dissenting).

I dissent. I concede the law to be as stated for the most part. However, from my reading of the record here, the petitioner was fully advised of his rights and knowingly waived them by failing to object. I cannot concede that adult persons of average intelligence with the experience of the petitioner do not understand

common English language. Moreover, the violations, repeated ones, of the conditions of probation were clear. He was being supervised by an experienced officer who warned him repeatedly. The petitioner chose then not to heed the warnings, and this Court now indicates that he had no understanding of his rights. To me, this makes no sense.