PETITION OF ELWOOD C. BRITTINGHAM.

No. 11929.

Decided Oct. 2, 1970.

475 P.2d 34.

Elwood C. Brittingham, pro se.

## MEMO OPINION

This is a petition filed by Elwood C. Brittingham, an inmate of Montana State prison, appearing pro se.

Petitioner was convicted April 6, 1966, of first degree burglary, but the district court ordered a deferred imposition of sentence for one year and a discharge from custody. Seven months later the county attorney moved to have petitioner's probation revoked for violation of the probationary order. A hearing was held on October 18, 1966 in which petitioner was found to be in violation of his parole and ordered by the district court to be confined in the Montana State prison for a term of seven years. On July 1, 1970 petitioner filed a motion

to vacate the October 18, 1966 order on grounds that he was not represented by counsel at the time of sentencing on October 18, 1966 but the district court denied that motion. On August 19, 1970, this Court reversed and remanded the district court's order denying petitioner's motion, 155 Mont. 525, 473 P.2d 830.

Petitioner alleges the Supreme Court's decision of August 19, 1970 places him on the status he held prior to the district court hearing which led to a revocation of his deferred imposition of sentence. That is, petitioner alleges he has been under an uninterrupted deferred imposition of sentence order since April 6, 1966.

Section 95-2206(2), R.C.M.1947 allows a district court to defer the imposition of sentence for a crime for a period not to exceed three years.

The issue is whether or not petitioner is deemed bound by an uninterrupted deferred imposition of sentence order since April 6, 1966, thereby overextending the three year limit of sentence according to section 95-2206(2), R.C.M.1947.

As early as 1878 a Montana Supreme Court decision, quoting from another case, set a rule for Montana and it has been followed ever since: " ' * * * the judgment of this court to the effect that the judgment of the court below is reversed and cause remanded, should not be construed as granting a new trial, but as putting the parties back to the stage of the cause where the error occurred for which the judgment was reversed.' '' Ervin v. Collier, 3 Mont. 189, 191.

Error occurred in the present case at the hearing held October 18, 1966, and following the rule referred to above, petitioner is in the position of having been bound by a deferred imposition of sentence from April 6, 1966 to October 18, 1966. Therefore, petitioner cannot take advantage of this Court's reverse and remand order, but must proceed from his legal status and position of October 18, 1966.