81-399

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

STEVE ALLEN FRY,

Defendant and Appellant.

_____

Appeal from:  District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable Jack Green, Judge presiding.

Counsel of Record:

For Appellant:

Hirst, Dostal & Withrow, Missoula, Montana
Lon Withrow argued, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert L. Deschamps, III, County Attorney, Missoula,
Montana
E. McLean argued, Deputy County Attorney, Missoula,
Montana

_____

Submitted: February 22, 1982

Decided: March 25, 1982

Filed:  MAR 25 1982

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The defendant appeals from an order of the Missoula County District Court revoking a ten year suspended sentence and ordering him to prison. At the hearing in which the ten year suspended sentence was imposed, the defendant neither had a lawyer nor waived his right to a lawyer. We therefore vacate the order imposing the ten year suspended sentence, and we order that the defendant be released from custody and from any restraints imposed as a result of his guilty plea and the subsequent judgment imposed on April 7, 1975.

This situation arises after the defendant was first given a three year deferred sentence on April 7, 1975, for felony sale of marijuana and a concurrent one year deferred sentence for misdemeanor possession of marijuana.

Defendant was again arrested on February 6, 1976, for possessing marijuana and was jailed for thirteen days in the Missoula County jail before he first appeared in court. The defendant alleges and the State does not deny that after his arrest, the arresting officers told him that "if he played his cards right and cooperated with the Region 1 Anti-Drug Team, he'd receive a lighter sentence." The defendant apparently agreed, and he was released on occasion during the next thirteen days apparently for the purpose of selling or buying drugs for the Anti-Drug Team. The record is silent on the extent of the defendant's cooperation during this thirteen day period, and we are unable to determine how often the defendant was released from jail, how closely he was supervised, and whether he had access to attorneys during this time. The only thing that is clear is that when

-2-

he obliquely admitted a probation violation on March 4, 1976, which resulted in a revocation of the three year deferred sentence and the substitution of a ten year suspended sentence in its stead, he neither had an attorney nor waived his right to an attorney.

The following events led to the imposition of the ten year suspended sentence on March 4, 1976. On February 19, 1976, the defendant appeared before Judge Green pursuant to the State's petition to revoke his deferred imposition of sentence. He informed Judge Green that he wished to be represented by counsel, but that he could not afford it because he had lost his job while in jail. Judge Green allowed the defendant time to seek the aid of a public defender, but on February 23, 1976, the public defender informed Judge Green that the defendant was ineligible for a public defender because he made too much money. On March 4, 1976, the defendant appeared before Judge Brownlee without the assistance of counsel. Judge Brownlee inquired whether the defendant was represented by counsel, and upon finding out that he was not, made no further inquiry. Judge Brownlee then noted that plea bargaining had occurred, placed the defendant on probation, and gave the defendant a ten year suspended sentence.

More than four years later, on May 4, 1981, the defendant, represented by retained counsel, appeared before Judge Henson pursuant to a petition by the State to revoke the defendant's suspension of the ten year sentence because he allegedly violated the conditions of his probation. On June 1, 1981, the defendant moved Judge Green to strike its prior revocation of the deferred imposition of sentence because he had been without the assistance of counsel, but Judge Green denied this motion on the basis that it appeared the defendant

-3-

had been advised of his right to counsel, designated him a nondangerous offender, and sentenced him to ten years in prison.

The defendant asks this Court to vacate the sentence because he was denied his right to counsel at the hearing before Judge Brownlee on the petition to revoke his deferred imposition of sentence. He further asks that we dismiss the case because by the time the petition to revoke the suspended ten year sentence was filed (May 4, 1981) he had already successfully completed the three year probation imposed under the April 7, 1975 judgment. Because we agree with defendant that the March 4, 1976 judgment imposing the ten year suspended sentence is void, we further agree that the proper action is to order the defendant released from custody and to declare that he has successfully completed the three year probation which began on April 7, 1975.

The defendant also presents other issues which we find no need to consider since our decision on the right to counsel is dispositive of this case.

A defendant is entitled to assistance of counsel, either retained or appointed, at a hearing on revocation of probation and resentencing. Unless the record reflects a valid waiver of the right to counsel, a lawyer must be afforded at a sentencing hearing regardless of whether the hearing is labeled a revocation of probation or a deferred sentencing. Petition of Brittingham (1970), 155 Mont. 525, 473 P.2d 830; Petition of Kelly (1969), 153 Mont. 448, 456 P.2d 57.

The State argues that the defendant cannot properly raise the claim that he was denied the right to counsel, because he admitted violating the terms of his probation.

-4-

The State argues that such an admission has the same effect as a guilty plea which precludes the defendant from claiming a denial of his constitutional rights before entry of his admission. The State erroneously cites several cases for this proposition: Tollett v. Henderson (1973), 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235; Brady v. United States (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; McMann v. Richardson (1970), 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Parker v. North Carolina (1970), 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; State v. Hilton (1979), ___ Mont. __, 597 P.2d 1171, 36 St.Rep. 1314; State v. Turcotte (1974), 164 Mont. 426, 524 P.2d 787. These cases are not controlling precedent, however, because they involved situations in which the defendants pled guilty on the advice of counsel and were therefore precluded from asserting that their constitutional rights had been violated before they had entered their guilty pleas. In Tollett v. Henderson, supra, 411 U.S. at 267, the Court stated:

> "We thus reaffirm the principle recognized in
> the Brady trilogy: a guilty plea represents
> a break in the chain of events which has preceded
> it in the criminal process. When a criminal defendant
> has solemnly admitted in open court that he is in
> fact guilty of the offense with which he is charged,
> he may not thereafter raise independent claims relating
> to the deprivation of constitutional rights that occurred
> prior to the entry of the guilty plea. He may only
> attack the voluntary and intelligent character of the
> guilty plea by showing that the advice he received
> from counsel was not within the standards set forth
> in McMann." (Emphasis added.)

Here, the defendant attacks the voluntary and intelligent character of his admission to the alleged probation violations by a showing that he was forced to act without the advice of counsel. This issue is properly raised.

The record reflects that on February 19, 1976, the defendant was to receive the assistance of a public defender,

but on February 23, 1976, the defendant reappeared in Judge Green's court only to learn that the public defender did not consider him eligible for court-appointed assistance. The trial court made no independent determination of the defendant's eligibility, and the case was continued for a week so that the defendant could obtain an attorney. When the defendant returned to Judge Brownlee's court on March 4, 1976, without an attorney, the following exchange took place between the court, the prosecutor, and the defendant:

"THE COURT: Cause 4501; Steve Allen Fry.

"MR. McLEAN: Your Honor, if it please the Court, Mr. Fry is present in the courtroom here. I have been talking with Mr. Anderson about this case, and we would like an opportunity to discuss the matter with you before we hear his matter, if we could have it set for later today or at the end of this morning's calendar.

"THE COURT: Is Mr. Fry represented by counsel?

"MR. McLEAN: Not at this time, Your Honor.

"THE COURT: Just be seated, then."

(45 minutes later.)

"THE COURT: Cause 4501; the Defendant is Steve Allen Fry.

"For the record, the Court has had some plea-bargaining consultation with the Defendant, the County-Attorney, and the officer from the Region I Anti-Drug Team, and it is my understanding, Mr. Fry, that you have admitted the violations that you have been accused of here; is that right?

"DEFENDANT FRY: Yes, sir.

"MR. McLEAN: Excuse me, Your Honor. For the record, he has not admitted to the violations as of today.

"DEFENDANT FRY: I never appeared before you.

"THE COURT: I think I misstated myself. You have admitted them and you are admitting them now.

"DEFENDANT FRY: Yes, sir, I guess.

-6-

"THE COURT: And, by doing that, you recognize that then it becomes my duty to impose some sentence on you.

"DEFENDANT FRY: Yes, sir.

". . ."

This record provides no basis for concluding that the defendant waived his right to counsel. The State argues that the defendant, upon learning that he was ineligible for court-appointed assistance, refused to hire an attorney and chose to proceed pro se, but the record is silent on this issue. The defendant was not questioned in regard to his indigency, nor did the court receive any type of financial statement from him. Where a public defender refuses to represent a defendant, the District Court must inquire further. Sections 46-8-104, MCA (court may appoint counsel in any post-conviction proceeding), and 46-8-111, MCA (court shall receive a verified financial statement in order to determine indigency); Petition of Kelly, supra.

We hold that the sentence imposed under these circumstances is void because the defendant was deprived of counsel at a vital step in the criminal process, and that the defendant has successfully completed the probationary period that was imposed along with the deferred impositions of sentence.

The judgment is vacated and the proceedings are ordered dismissed.

_____
                    Justice

We Concur:

_Frank I. Haswell_____
                Chief Justice

_Gene B. Daly_____

_John Conway Harrison_____

_John C. Sheehy_____

_Daniel J. Shea_____

_____
                Justices