No. 86-437

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

MICHAEL D.W. LANGE,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Michael D.W. Lange, pro se, Williston, North Dakota

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Patricia J. Schaeffer, Asst. Atty. General, Helena
Victor G. Koch, County Attorney, Sidney, Montana

---

Submitted on Briefs: Jan. 13, 1987

Decided: March 4, 1987

Filed: MAR 4 - 1987

Ethel M. Harrison
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Michael D. W. Lange appeals a Richland County District Court order revoking his suspended sentence and requiring him to serve two years in the state prison. The issue on appeal is whether the District Court erred in declining to appoint new counsel for Lange's revocation hearing after Lange rejected the court's initial choice of counsel for the hearing. We affirm.

Lange was convicted in 1983 of the criminal sale of dangerous drugs and criminal possession with intent to sell, both felonies, and was given a ten year suspended sentence subject to several conditions. One condition specified that Lange would be placed under the supervision of the Montana Department of Institutions, Adult Probation and Parole Bureau and would be required to comply with all rules imposed upon him by the Department. Another condition was that Lange would pay a $1,500 fine over a period of time and reimburse the county for the cost of court-appointed counsel. From the time Lange was charged, three attorneys were appointed to represent him but all elected to withdraw. Lange's fourth court-appointed attorney represented him at trial and sentencing. Apparently not satisfied with counsel's performance at trial and sentencing, Lange did not ask for further representation.

On July 18, 1986, the State filed a petition to revoke the suspended sentence because Lange had allegedly violated four conditions of his probation:

> (1) Lange had failed to report to his probation officer since April 1986;
>
> (2) Lange had moved out of the State without the permission of his probation officer;

2

(3) Lange had failed to make payments on his $1,500 fine; and

(4) Lange had failed to reimburse the county for court-appointed counsel and other costs.

On August 4, 1986, Lange appeared without counsel for his initial appearance on the petition and demanded court-appointed counsel. The court appointed counsel but on August 11, 1986, Lange filed a motion to release the attorney, saying he wanted to obtain an attorney of his own choice. The court granted the motion. On August 14, 1986, Lange appeared without counsel and moved for another court-appointed attorney. The court denied the motion but gave Lange time to obtain new counsel. On August 25, 1986, Lange and the attorney appointed to represent him on August 4, 1986, appeared before the court. The attorney explained that Lange did not wish to have him as counsel and cited a personality conflict. The court again refused to appoint new counsel for Lange. At the revocation hearing, Lange successfully refuted three of the four alleged violations of his suspended sentence. However, the court found that Lange had failed to report to his probation officer as ordered and subsequently sentenced Lange to two years in the state prison.

The standard of review is the substantial evidence test. This test is met if a reasonable mind would accept the evidence as supporting the conclusion reached. In applying this test the evidence is viewed in a light most favorable to the prevailing party. State v. Oman (Mont. 1985), 707 P.2d 1117, 1120, 42 St.Rep. 1565, 1568.

Section 46-18-203, MCA, authorizes the district judge to revoke a suspended sentence. The person affected has the right to a hearing on the revocation issue under subsection (3) of the statute. Section 46-8-101, MCA, specifies that

3

counsel <u>will</u> be appointed for indigent parties in felony cases and <u>may</u> be appointed in misdemeanor cases. As to the duration of the appointment, § 46-8-103 and § 46-8-104, MCA, state as follows:

> 46-8-103. Duration of appointment. Where counsel has been assigned, such assignment shall be effective until final judgment, including any proceeding upon direct appeal, unless relieved by order of the court.
>
> 46-8-104. Appointment after trial. Any court of record <u>may</u> assign counsel to defend any defendant, petitioner, or appellant in any post conviction criminal action or proceeding if he desires counsel and is unable to employ counsel. (Emphasis added.)

The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation. Black v. Romano (1985), 471 U.S. 606, 610, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636, 642, (citing Beardon v. Georgia (1983), 461 U.S. 660, 666, 103 S.Ct. 2064, 2069, 76 L.Ed.2d 221, 228). The Romano decision explains the procedural requirements of a revocation hearing as follows:

> [T]he final revocation of probation must be preceded by a hearing, although the factfinding body need not be composed of judges or lawyers. The probationer is entitled to written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. [Citation omitted.] The probationer is also entitled to cross-examine adverse witnesses, unless the hearing body specifically finds good cause for not

4

> allowing confrontation. Finally, the
> probationer has a right to the assistance
> of counsel in some circumstances.
> [Citation omitted.] (Emphasis added.)

471 U.S. at 611-12.

As to this final sentence on the probationer's right to the assistance of counsel in some cases, the Romano Court cites Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. We quote a pertinent passage from that case:

> [T]he decision as to the need for counsel
> must be made on a case-by-case basis in
> the exercise of a sound discretion by the
> state authority charged with
> responsibility for administering the
> probation and parole system.

411 U.S at 790.

We believe the due process requirements of Romano have been met. A revocation hearing was held, Lange was given written notice of the petition to revoke his suspended sentence, and was given an opportunity to be heard in person and present evidence before a neutral body, the District Court, including the opportunity to cross-examine the probation officer and clerk of court. Further, the District Court made written findings that Lange's suspended sentence was being revoked because of a probationary violation.

As to the right to counsel, § 46-8-104, MCA, says that the court may assign counsel to any defendant in any "post conviction criminal action or proceeding if he desires counsel and is unable to employ counsel." We adopted this view in State v. Fry (1982), 197 Mont. 354, 359, 642 P.2d 1053, 1056. Therefore the lower court has the discretion to decide whether a particular defendant should be afforded counsel for a post-conviction criminal action or proceeding. At his initial appearance on the petition to revoke the

suspended sentence, Lange requested counsel and was obliged by the court pursuant to § 46-8-104, MCA. Lange rejected the court's choice of counsel and was given the opportunity to obtain private counsel. The court was not required to do anything further. When count-appointed counsel is rendering effective assistance, the defendant has the choice of: (1) continuing with the counsel so appointed, or (2) having his counsel dismissed and proceeding on his own, pro se. A defendant has no right to the appointment of counsel of his choice. State v. Pepperling (1978), 177 Mont. 464, 473, 582 P.2d 341, 346. By rejecting court-appointed counsel for the revocation hearing, Lange effectively opted to proceed pro se without assistance of counsel. We might add that Lange was quite capable of speaking for himself, as evidenced by his ability to refute three of the four alleged probationary violations.

We find substantial evidence to support the decision of the District Court.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices