No.  04-539

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 313N

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

JORGE L. MARRERO,

       Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DC-98-13335
The Honorable Douglas G. Harkin, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

         Christopher Daly, Attorney at Law, Missoula, Montana

      For Respondents:

         Honorable Mike McGrath, Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

         Fred Van Valkenburg, Missoula County Attorney; Karen Townsend,
Deputy County Attorney, Missoula, Montana

_____

Submitted on Briefs:  November 9, 2005

Decided:  December 12, 2005

Filed:

_____
             Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Jorge L. Marrero (Marrero) appeals from an Order of the Fourth Judicial District, Missoula County, revoking his suspended sentence and sentencing him to fifteen years at the Montana State Prison. We affirm.

¶3 Marrero contends that the District Court abused its discretion by failing to consider alternatives to incarceration. Marrero relies on our decision in *State v. Lee*, 2001 MT 176, 306 Mont. 173, 31 P.3d 998, in support of his claim that the District Court's failure to consider alternatives to prison violated his due process right. We agree with the State, however, that the Court considered alternatives and rejected them in light of the fact that Marrero's non-incarceration proposal posed "too great a risk given the level of supervision and the original nature of the offense and what has occurred since." Moreover, unlike the facts in *Lee*, the State was not responsible for Marrero's failure to comply with the conditions of his probationary sentence.

¶4 Marrero next contends that his counsel provided ineffective assistance of counsel in failing to object to the blood alcohol test indicating that he had a blood alcohol concentration of 0.359 when he arrived at the Fort Harrison VA Hospital. We agree with the District Court that Marrero's status as a probationer diminished any privacy interest

2

he may have had in such information. We recognize the fact that refraining from drinking any alcohol remained a condition of Marrero's original probation and undermines any claim by Marrero that his counsel should have objected to the State's possession of his blood alcohol concentration results.

¶5 Marrero also contends that his counsel provided ineffective assistance of counsel in failing to seek an interpretor, but Marrero fails to point to any prejudice resulting from this omission other than the fact that Marrero's counsel went over the waiver of rights document at the beginning of a hearing in which Marrero entered a guilty plea. Marrero further contends that his counsel provided ineffective assistance in not challenging the failure of the probation officer to present a written statement of Marrero's alleged violations within twelve hours of delivering Marrero to the detention center as required under § 46-23-1012(2), MCA. Finally, Marrero argues his counsel's failure to request a bail hearing or to argue for release on his own recognizance constituted ineffective assistance of counsel.

¶6 As we noted in *State v. Grixti*, 2005 MT 296, ¶ 27, 329 Mont. 330, ¶ 27, ___ P.3d ___, ¶ 27, this Court does not automatically reach the merits of ineffective assistance of counsel claims. We deem the matter more appropriate for postconviction relief where the record is insufficient to determine whether counsel's performance fell below an objectively reasonable standard. *Grixti*, ¶ 27. Although the record in this case does not reveal why Marrero's counsel failed to take the various actions that he raises, we deem further inquiry unnecessary to determine that Marrero's counsel's actions did not fall below an objectively reasonable standard. We have said "the fact that some other lawyer

3

. . . would have done differently . . . is not ground for branding an appointed attorney with the opprobrium of ineffectiveness." *State v. Turner*, 2000 MT 270, ¶ 64, 302 Mont. 69, ¶ 64, 12 P.3d 934, ¶ 64.

¶7 Marrero's ineffective assistance of counsel claim fails to meet the first prong of the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, in that he has failed to establish that his counsel's performance fell below an objectively reasonable standard. Therefore, we reject it on the record established at trial. Affirmed.

¶8 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

4