STATE of Alaska, Appellant,

v.

Mark William RUBY, Appellee.

No. 5915.

Court of Appeals of Alaska.

Sept. 10, 1982.

Laurie H. Otto, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellant.

Dana Fabe, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

On October 21, 1980, Mark Ruby, with the assistance of counsel, entered a plea of *nolo contendere* to charges of burglary in the first degree and was given a three year suspended imposition of sentence. During the period of the suspension he was placed on probation and directed *inter alia* to comply with all municipal, state and federal laws at the risk of having his probation revoked. On December 22, 1980, Ruby entered a *nolo contendere* plea in district court to a charge of unauthorized entry, in violation of 8.05.620(A) of the Anchorage Municipal Code. He was sentenced to a fine of twenty-five dollars and ten days in jail, with all but eight days suspended. Based upon this conviction, the state moved to revoke Ruby's felony probation.

Generally, the trial court is faced with two factual inquiries at a probation revocation hearing. First, did the probationer violate one or more of the conditions of his probation; and second, if he did, do those violations establish that probation should be terminated. *See Holton v. State,* 602 P.2d 1228, 1238 (Alaska 1979); *Trumbly v. State,* 515 P.2d 707, 709 (Alaska 1973). Where a defendant has been convicted of a crime subsequent to commencement of his probation, the first determination is satisfied. *See Wozniak v. State,* 584 P.2d 1147, 1148 (Alaska 1978); *Alexander v. State,* 578 P.2d 591 (Alaska 1978). Here, Ruby was convicted of an offense subsequent to commencement of his probation. He argued, however, and the trial court ruled at the probation revocation hearing that because the conviction was based upon a plea of *nolo contendere,* and because, under Alaska practice, probation revocation proceedings are deemed civil, the *nolo contendere* plea in district court could not be used against him in the probation revocation proceedings. *Holton v. State,* 602 P.2d at 1238. The state refused to offer other evidence, consequently the court held that it had failed to sustain its burden of proving that Ruby violated a law.

■ The state has appealed the trial court's conclusion that a certified judgment of conviction is insufficient to establish a probationer's violation of law where the conviction is based upon a plea of *nolo contendere.* We find some support for the trial court's position in reported cases. *See e.g., State v. Thomas,* 236 N.C. 196, 72 S.E.2d 525, 529 (1952); *cf. Barnum v. State,* 111 Ga.App. 620, 142 S.E.2d 387 (1965) (tacitly approving refusal to admit records of *nolo contendere* plea at probation revocation hearing). Those cases arose, however, in jurisdictions where a plea of *nolo contendere* was a matter of grace not of right, and required the acquiescence of both the prosecutor and the court before it could be accepted. Under Alaska law, a defendant has an absolute right to enter a plea of *nolo contendere,* and neither the prosecution nor

the court can prevent him from so doing. *See Miller v. State,* 617 P.2d 516, 518 (Alaska 1980); *Lowell v. State,* 574 P.2d 1281, 1285 (Alaska 1978). In *Lowell* the supreme court considered this factor conclusive when it decided to permit a prior criminal conviction based upon a plea of *nolo contendere* to be used for impeachment purposes in subsequent proceedings. We believe the same reasoning should govern here and conclude that a conviction, even though based upon a plea of *nolo contendere,* is admissible in a subsequent probation revocation proceeding to prove a violation of law.[1] While such a proceeding may, for some purposes, be considered civil, we see no inconsistency in allowing use of a no contest plea to establish a violation of law in a probation revocation proceeding while precluding its use in an action for damages between private parties.

■ Consistent with general law governing pleas of *nolo contendere,* such evidence is, however, not conclusive against Ruby. It does not collaterally estop him from protesting his innocence and, consequently, he should be given an opportunity, if he requests it, to put on evidence which would support his contention that he is not guilty of unauthorized entry. Lenvin and Myers, *Nolo Contendere: Its Nature and Implications,* 51 Yale Law Journal 1255, 1263 (1942). If such evidence is offered, the trial court must resolve the dispute and enter appropriate findings. Of course, if the defendant does not put on any evidence, a properly authenticated judgment of conviction is sufficient to establish his commission of a crime. As the supreme court noted in *Holton v. State,* 602 P.2d 1228, 1238 (Alaska 1979), however, proof of a violation of the conditions of the probation, while necessary for revocation, is not sufficient. In addition, it must be established that continuation of probationary status would be at odds with the need to protect society and society's interest in the petitioner's rehabilitation. *Trumbly v. State,* 515 P.2d at 709.

1. If Ruby detrimentally relied upon the inadmissibility of a *nolo contendere* plea in a probation revocation proceeding, in making such a plea to the misdemeanor complaint, he may be entitled to withdraw that plea. *See* Alaska R.

The decision of the superior court is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.

Crim. P. 11(h). Alternatively, the trial court below may determine on due process grounds that the plea should not be used here. We express no opinion about either alternative.