No. 84-140

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

CARL EDWARD KERN,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Allen Beck, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Harold Hanser, County Attorney, Billings, Montana
(David Hoefer, Deputy)

Submitted on Briefs: July 27, 1984

Decided: September 25, 1984

Filed: SEP 25 1984

*Ethel M. Harrison*
───────────────────────────────
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant pled guilty to sexual intercourse without consent and was sentenced to ten years imprisonment with the last five years suspended. After defendant had served his prison term, the District Court of Yellowstone County revoked the suspended sentence and ordered him returned to prison to serve the remainder of the sentence. Defendant attacks this exercise of discretion by the court. We affirm.

The sole issue on appeal is whether the District Court abused its discretion when it revoked the defendant's suspended sentence, absent findings that continued probation would be at odds with society's interest in defendant's rehabilitation as well as the need to protect society.

On February 5, 1980, defendant plead guilty to sexual intercourse without consent, a felony. He completed his prison term on February 24, 1983, and was placed on probation. In the order suspending five years of the ten-year sentence, the District Court required the defendant to abide by a number of conditions, including not using intoxicants, not frequenting places where intoxicants are sold, and not violating any law or ordinance. Upon release from prison, defendant signed conditions of probation and parole which included his agreement not to drink any intoxicants, not to frequent any place where intoxicants were sold, to comply with all laws and ordinances, and to conduct himself as a good citizen.

On October 13, 1983, defendant's probation officer filed a report detailing a number of alleged violations of probation. The county attorney filed a petition to revoke the suspended sentence. Initially, the defendant failed to appear. He did appear after the issuance of a bench warrant, but his explanation of his initial failure to appear was

2

weak. At the hearing on the petition for revocation, defendant and one other witness testified. At the conclusion of the hearing, the District Court indicated its desire to study the file carefully before reaching a decision. Approximately two weeks later, the court issued its findings of fact, conclusions of law and order revoking the suspended sentence.

The findings of fact include a reference to defendant's conditions of probation. The court found that the defendant had entered a guilty plea to a driving while intoxicated charge in the City of Billings; that the defendant had forfeited bond on a charge of failure to drive in a careful and prudent manner in Billings; and that the defendant had pled guilty to a charge of disorderly conduct in Billings. The District Court concluded that the evidence showed a continuous disregard by defendant for the conditions of probation and the laws of Montana. The court revoked its previous order suspending five years of the original sentence.

Defendant admits that his alcohol problem is so serious that he is unable to control it without taking antabuse. He suggested that he should be required to take antabuse under a physician's supervision, thereby insuring that he would continue to take the medication. Defendant also conceded that the court's findings with regard to his probation violations are correct.

Defendant argues that, standing alone, proof of violation of a prohibition against drinking by an alcoholic is not sufficient for revocation of probation. He contends that, in addition, the State must establish that the continuation of probation would be at odds with the need to protect society and society's interest in the defendant's

Hon. Fred J. Weber
Justice, Supreme Court
Room 414 Justice Building
215 North Sanders
Helena, Montana  59620

CORRECTION. In preparing this opinion for publication, we noted in our verification of titles and citations the matters listed below. Corrections have been made on our copy of the opinion.

October 24, 1984

State v. Kern, No. 84-140, Sept. 25, 1984

OK

Page 4, line 9 -- Trumbley v. State should read Trumbly v. State.
(Also cited in lines 10 and 23, same page).

WEST PUBLISHING COMPANY
Box 43526
St. Paul, MN 55164

rehabilitation. As authority for that contention, defendant cites State v. Ruby (Alaska 1982), 650 P.2d 412.

The Alaska Supreme Court concluded in Ruby that proof of a violation of the conditions of probation while necessary for revocation, is not sufficient. The Alaska Court held that, in addition, it must be established that continuation of probationary status would be at odds with the need to protect society and society's interest in defendant's rehabilitation. That rule was formulated in Trumbley v. State (Alaska 1973), 515 P.2d 707. The Trumbley Court cited Alaska Stat. § 12.55.110, which provides in pertinent part: "When sentence has been suspended, it shall not be revoked except for good cause shown." The Alaska court construed this statute as follows:

> "The requirement that probation revocation follow after a showing of 'good cause' requires the trial judge to find that continuation of probationary status would be at odds with the need to protect society and society's interest in the probationer's rehabilitation. Revocation should follow violation of a condition of probation when that violation indicates that the corrective aims of probation cannot be achieved." Trumbley, 515 P.2d at 709.

Montana has no statutory requirement similar to Alaska Stat. § 12.55.110. The Alaska cases therefore are not authority here.

Section 46-23-1013, MCA specifies the action required of the District Court at a revocation hearing:

> "(1) . . . the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charged. The hearing may be informal or summary.
>
> "(2) If the violation is established, the court may continue to revoke the probation or suspension of sentence and may require him to serve the sentence imposed . . ."

The District Court's findings of fact clearly establish that the court met the requirements of this section. In addition, the record indicates that after the revocation hearing, the

4

court took the matter under advisement in order that it might carefully consider all of the facts and review the extensive court file before reaching its conclusion.

The decision to revoke a suspended sentence cancels a prior act of grace and is a matter within the discretion of the District Court. As we stated in State v. Robinson (Mont. 1980), 619 P.2d 813, 814, 37 St.Rep. 1830, 1832:

> ". . . The District Court may, as a province of its discretionary powers, under section 46-18-201, MCA, suspend a criminal sentence. It follows, therefore, that the court may pursuant to section 46-18-203, MCA, revoke its benevolent decision when it becomes apparent that the defendant does not merit further liberty or beneficence.
>
> . . .
>
> ". . . All that is required is that the facts before him be such that the judge is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty."

It is undisputed that the defendant's conduct during the term of probation was not what he agreed it would be when he was given liberty. He acknowledged three specific violations of his conditions of probation. We find that the District Court properly concluded that the defendant displayed a continuous disregard for the conditions of probation and the laws of Montana.

The defendant has completely failed to show that the discretion of the District Court was improperly exercised by the revocation of probation. In view of defendant's admitted problem with alcohol and his stated willingness to accept treatment, we voice the hope that he will seek the assistance of the alcohol treatment available to him at the state prison.

We affirm the District Court.

Justice

5

We concur:

_John Conway Harrison_

_John C. Sheehy_

_Frank B. Morrison_

_Daniel J. Shea_
Justices

6