No. 89-22

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

MICHAEL D.W. LANGE,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard J. Carstensen, Billings, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Patricia J. Schaeffer, Asst. Atty. General, Helena
        Victor G. Koch, County Attorney, Sidney, Montana

---

Submitted on Briefs: April 20, 1989

Decided: June 6, 1989

Filed:

_____
           Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The District Court of the Seventh Judicial District, Richland County, revoked the suspended sentence of Michael D. W. Lange, the defendant, for violations of the conditions of his probation, under § 46-18-203, MCA, in 1986 and again in 1988. Lange appeals. We affirm.

The following issues are raised on appeal:

1. Whether the 1986 revocation of defendant's suspended sentence violated the double jeopardy clauses of the United States and Montana Constitutions rendering all further proceedings unconstitutional.

2. Whether substantial evidence supported the District Court's exercise of discretion in revoking defendant's 1988 suspended sentence.

3. Whether defendant's due process rights were violated during the May, 1988 revocation hearing because he was unable to confront and cross examine a witness.

On November 2, 1983, a jury convicted defendant for the 1981 felony offenses of criminal sale of dangerous drugs and criminal possession with intent to sell in violation of §§ 45-9-101 and 45-9-103, MCA (1981). On February 29, 1984, he was sentenced to ten years with all suspended subject to conditions of probation. In 1986 defendant failed to report to his probation officer on several occasions. For these violations the District Court, on August 27, 1986, ordered a revocation of the February 29, 1984 sentence under § 46-18-203, MCA, and defendant was sentenced to serve ten years with eight years suspended again subject to conditions of probation upon release.

On December 3, 1986, defendant was paroled from the Montana State Prison and moved to North Dakota. At that time he was subject to the supervision of a North Dakota probation officer. Montana retained jurisdiction of defendant during his probationary period.

In May, 1988, defendant's probation officer was contacted by security police at North Dakota State College of Science who informed him that defendant was suspected of selling marijuana on campus. Consequently, on May 17, 1988, the probation officer authorized a search of defendant's dormitory room, his person, and a vehicle owned by defendant's girlfriend but used by him. Nothing su·,stantial was found in his room but the search of the vehicle revealed the remnants of a greeting card with residue of a vegetable-like substance which later tested positive for marijuana. A urinalysis test of defendant was administered on the day of the search and later on May 23, 1988. Both tests revealed recent marijuana use. The greeting card residue and urinalysis samples were analyzed and documented by the North Dakota State Toxicologist. Use and possession of dangerous drugs by the defendant were violations of his 1986 conditions of probation.

On June 4, 1988, defendant's eight year probationary portion of his sentence began under the supervision of his North Dakota probation officer. On June 10, 1988, defendant's probation officer filed a report concerning the May, 1988, violations of probation and, on August 19, 1988, the Richland Deputy County Attorney filed a petition for revocation of defendant's suspended sentence based on the report.

A hearing concerning the violations was conducted on September 19, 1988, and then continued to October 3, 1988. On October 25, 1988, the District Court found that defendant

did indeed violate the conditions of his probation by the use and possession of marijuana in May, 1988. Consequently, the District Court revoked his suspended sentence under § 46-18-203, MCA, and sentenced defendant to five years in the Montana State Prison with five days credit for jail time previously served.

The first issue raised on appeal is whether the 1986 revocation of defendant's suspended sentence violated the double jeopardy clauses of the United States and Montana Constitutions by enhancing his punishment thus, rendering all further proceedings unconstitutional.

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy." The clause protects offenders from multiple punishment for the same offense. Ex Parte Lange (1874), 85 U.S. (18 Wall.) 163, 21 L.Ed. 872.

The Montana Constitution affords a similar protection. Section 25, Art. II, 1972 Mont. Const., provides that, "No person shall be again put in jeopardy for the same offense. . ." We have held, however, that the revocation of a suspended sentence does not subject defendant to jeopardy twice for the same offense. Matter of Ratzlaff (1977), 172 Mont. 439, 445, 564 P.2d 1312, 1316.

A revocation hearing is not a criminal trial, Petition of Meidenger (1975), 168 Mont. 7, 15, 539 P.2d 1189, 1190, since there is no adjudication of guilt or innocence. Trial concerns a new crime while a revocation hearing concerns only whether the conditions of a suspended sentence had been violated. Marutzky v. State (Okla. Crim. App., 1973), 514 P.2d 430, 431. "The subsequent conduct, not his original offense, forms the basis of revocation and reinstates the original sentence." Ratzlaff, 564 P.2d at 1316. The defendant, in this case, remained subject to the original

sentence as if it had never been suspended, and he must live with the knowledge that "a fixed sentence for a definite term hangs over him." Ratzlaff, 564 P.2d at 1316, and Roberts v. United States (1943), 320 U.S. 264, 268, 64 S.Ct. 113, 115, 88 L.Ed. 41, 44.

Under § 46-18-203(1), MCA, the District Court retains jurisdiction over defendant during the period of probation. See State v. Oppelt (1979), 184 Mont. 48, 53, 601 P.2d 394, 397, and Marutzky, 514 P.2d at 431. A revocation hearing is simply an exercise of the trial court's supervision over defendant during probation and the consequence of revocation is execution of a penalty previously imposed. See Marutzky, 514 P.2d at 431.

We agree. As stated in State v. Eckley (1978), 34 Or.App. 563, 579 P.2d 291:

> Because the revocation proceeding is not a criminal adjudication, does not require proof of a criminal offense, does not impose punishment for any new offense, and is an act in the performance of the duty of judicial supervision of probationary liberty . . . the Double Jeopardy Clause . . . is inapplicable.

In this case, defendant violated the conditions of his 1986 probation by his failure to report to his probation officer. After a revocation hearing, he was sentenced to serve 10 years with two years suspended. We hold the revocation of defendant's suspended sentence did not violate the double jeopardy clauses of the United States and Montana Constitutions.

Defendant next argued that the District Court abused its discretion because the revocation was not based on substantial evidence. We disagree.

The revocation of a suspended sentence comes within the purview of judicial discretion but must be supported by

substantial evidence. State v. Lange (Mont. 1987), 733 P.2d 846, 848, 44 St.Rep. 418, 420. The District Court revoked defendant's suspended sentence for violating the conditions set forth in its August 27, 1986 judgment:

> That he violate no laws, city, county, state or federal.

> That he use no drugs of any kind unless prescribed to him by a licensed physician and that he not be in or about any place where dangerous drugs, as that term is defined by the State of Montana, are being used, dispensed or sold.

The judgment also required that defendant submit to a search of his person, residence or vehicle, or an examination of his bodily fluids upon reasonable request of his probation officer.

On May 17, 1988, defendant's probation officer authorized a search of defendant's dorm room, his person, and a vehicle owned by defendant's girlfriend but used by him. The search was based on information received from the North Dakota State College of Science security police that defendant was suspected of dealing drugs. The search of defendant's car produced remnants of a smoked greeting card with a vegetable-like substance in its creases. Just prior to the search, defendant admitted to his North Dakota probation officer that he used a greeting card to roll and smoke a marijuana cigarette the previous week. An analytical report from the North Dakota State Toxicologist confirmed the residue taken from the card was indeed marijuana. Further, two urinalysis tests were administered to defendant at his probation officer's request on May 17 and May 23, 1988. Both tests, also analyzed by the North Dakota State Toxicologist, confirmed recent marijuana use. Defendant made a second admission of marijuana use to his probation officer when the first urine sample was requested. During the revocation

hearing, defendant's probation officer testified to these events. Letters from the State Toxicologist which confirmed and explained the test results were admitted into evidence. We hold that this evidence meets the substantial evidence standard.

Further, § 46-18-203(1), MCA, provides in part:

> A judge . . . who has suspended the execution of a sentence . . . under 46-18-201 or his successor is authorized in his discretion to revoke the suspension or impose sentence and order the person committed.

We will not reverse the District Court's revocation of defendant's suspended sentence absent a showing of abuse of discretion. See State v. Stangeland (Mont. 1988), 758 P.2d 776, 45 St.Rep. 1446. The facts relied upon need not establish guilt beyond a reasonable doubt. State v. Robinson (Mont. 1980), 619 P.2d 813, 37 St.Rep. 1830. We held in State v. Kern (1984), 212 Mont. 385, 389, 695 P.2d 1300, 1302:

> . . . All that is required is that the facts before him be such that the judge is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty.

The District Court properly used its discretion when it ordered the revocation of defendant's suspended sentence based on the testimony of the probation officer and the letters from the North Dakota State Toxicologist.

The last issue raised on appeal is whether defendant's due process rights were violated during the 1988 revocation hearing because he was not able to confront or cross-examine the North Dakota chemist who analyzed and documented the urinalysis tests. The chemist did not testify at the revocation hearing. Instead, letters from the chemist to

defendant's probation officer, which confirmed and explained the toxicology test results, were presented as evidence.

In this case, defendant stipulated that the letters could be received into evidence for the truth of the matter asserted during the 1988 revocation hearing. The defendant never specifically objected to the denial of his right to confront and cross-examine the chemist. He merely objected to his probation officer as an unqualified witness to give testimony about the contents of the chemist's letters.

In fact, defendant's counsel stated:

> Your Honor, we agreed that this gentleman [the chemist] did not have to appear and recite as evidence what was in his report, and what was in his report could be received in evidence without foundation, that's correct.

Defendant stipulated that presence and testimony of the chemist was not necessary and cannot now complain that his right to confront and cross-examine the witness was denied.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices