No. 95-143

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

  Plaintiff and Respondent,

-vs-

DONALD MARTIN,

  Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell G. Fagg, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Kelly J. Varnes; Hendrickson, Everson, Noenning &
    Woodward, Billings, Montana

  For Respondent:

    Hon. Joseph P. Mazurek, Attorney General,
    Cregg Coughlin, Ass't Attorney General,
    Helena, Montana

FILED

JUL 25 1995

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: June 29, 1995

Decided: July 25, 1995

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Donald Martin (Martin) appeals from the Judgment and Commitment entered by the Thirteenth Judicial District Court, Yellowstone County, on its Order Revoking Suspended Sentence. We affirm.

Martin pled guilty to the offense of felony assault in November of 1993. The District Court sentenced him to five years' imprisonment in the Montana State Prison, suspended the entirety, and placed him on probation on certain terms and conditions.

The State of Montana (State) subsequently petitioned for revocation of the suspended sentence. After a hearing on the petition, the District Court found that Martin had violated the terms and conditions of his probation and revoked the suspended sentence. The court resentenced Martin on the original assault conviction, committing him to the director of the Department of Corrections and Human Services (Department), pursuant to § 46-14-312, MCA, for placement in a community-based program or facility or a State correctional institution for five years. Martin appeals.

> Did the District Court abuse its discretion in revoking Martin's suspended sentence?

Upon the filing of a petition for revocation showing probable cause that the defendant has violated a condition of a suspended sentence, a district court may set a hearing on revocation. Section 46-18-203(1), MCA. The State has the burden of proving a violation by a preponderance of the evidence. Section 46-18-203(6), MCA. If the court finds that the defendant violated the

2

terms and conditions of the suspended sentence, the court has a range of options, including revoking the suspended sentence and requiring the defendant to serve the original sentence imposed or any lesser sentence. Section 46-18-203(7), MCA.

The decision to revoke a suspended sentence cancels a prior act of grace and is a matter within the district court's discretion. State v. Kern (1984), 212 Mont. 385, 388, 695 P.2d 1300, 1301. The court need only find the existence of a violation of a term or condition of the suspended sentence; all that is necessary is that the court be reasonably satisfied from the facts of record that the probationer's conduct "has not been what he agreed it would be if he were given liberty." State v. Lundquist (1992), 251 Mont. 329, 331, 825 P.2d 204, 206 (citation omitted); § 46-18-203(7), MCA. Our standard of review is whether the district court abused its discretion. Lundquist, 825 P.2d at 206.

At the time the petition to revoke Martin's suspended sentence was filed, Martin had been charged with--and convicted of--a number of misdemeanor offenses committed in Billings on May 7 and July 3, 1994; the offenses included obstructing, driving without a driver's license, DUI, and no vehicle insurance. Later that year, he went to Great Falls with the permission of his probation officer and, while there, was arrested and charged with felony assault.

At the revocation hearing, Martin's probation officer testified to the convictions on the Billings charges; Martin did not dispute those convictions. The probation officer also testified that the Great Falls charge against Martin had been

3

dismissed.

The District Court found that the Billings convictions violated State Rule #8, a condition of Martin's suspended sentence requiring that he comply with all federal and State laws. The uncontroverted evidence supports the court's finding.

Martin argues that there was insufficient evidence to support the revocation because his probation officer stated, after the Billings convictions, that he did not consider those convictions serious enough to warrant a petition for revocation. Indeed, the probation officer so testified at the hearing. He testified, in addition, that it was the Great Falls arrest that prompted him to seek the revocation and agreed that the Great Falls charge had been dismissed. Martin's argument of insufficient evidence to support the revocation is premised on the dismissal of the Great Falls charge which had prompted the probation officer to seek the revocation.

Martin's argument is unpersuasive in light of the Billings convictions. That those convictions did not cause the probation officer to seek revocation does not equate to an absence of sufficient evidence to support the District Court's finding that Martin violated the condition requiring him to obey the law. Indeed, as set forth above, the convictions are undisputed and, under both § 46-18-203, MCA, and Lundquist, they constitute a sufficient basis for revocation. Thus, we conclude that the District Court did not abuse its discretion in revoking Martin's suspended sentence.

4

Did the District Court err in referencing § 46-14-312, MCA, in resentencing Martin?

At the revocation hearing, Martin's probation officer testified to his concerns over Martin's mental condition. He stated his beliefs that Martin needed help mentally and the only way Martin could receive that help would be in an institution; that way, according to the probation officer, the director of the Department could have Martin evaluated at Warm Springs. Martin did not object to the testimony.

The District Court agreed with the probation officer's assessment, stating that it was in Martin's best interest to be evaluated at Warm Springs in order that appropriate help could be provided to him. The court's Judgment and Commitment ordered Martin committed to the director of the Department pursuant to § 46-14-312, MCA, for placement for a term of five years. Martin appeals, asserting that reliance on § 46-14-312, MCA, renders the sentence unlawful.

The State argues that, absent objection to the probation officer's testimony, Martin waived his right to appeal this issue under § 46-20-104(2), MCA. While the State is correct that the failure to object ordinarily would preclude our review, we have created a limited exception regarding review of a sentence alleged to be illegal or exceeding statutory mandates. See State v. Lenihan (1979), 184 Mont. 338, 602 P.2d 997. We apply that exception here.

Section 46-14-312, MCA, to which the District Court referred in its Judgment and Commitment, relates to sentencing a defendant

5

who claims that, at the time of the offense of which convicted, he was suffering from a mental disease or defect. See §§ 46-14-311 and 46-14-312, MCA. Martin did not raise such a claim here; the probation officer merely expressed concerns regarding Martin's mental condition during the revocation hearing. That testimony did not relate to Martin's mental condition at the time of the May and July, 1994, offenses upon which the revocation ultimately was premised or at the time of the original assault offense; in any event, the probation officer's testimony does not provide a sufficient basis for a determination of mental disease or defect. As a result, it is clear that the District Court erred in referring to § 46-14-312, MCA, in its Judgment and Commitment. We conclude that the statutory reference must be stricken from the Judgment and Commitment.

Pursuant to § 46-20-701(1), MCA, however, we do not reverse a court based on error unless the error was prejudicial. Once the Judgment and Commitment is modified to delete the reference to § 46-14-312, MCA, Martin essentially is left with the five-year sentence originally imposed for the felony assault conviction, with credit for time served and discretion in the Department director regarding his placement.

Such a sentence is authorized under § 46-18-203, MCA, which permits a district court--on revocation--to reimpose the original sentence or any lesser sentence. Moreover, it is clear that this Court may modify a judgment from which appeal is taken, rather than reversing and remanding for further proceedings. See § 46-20-

6

703(1), MCA. We conclude that, under the District Court's Judgment and Commitment as modified by this Court, Martin has not established prejudice affecting his substantial rights so as to require reversal.

The District Court's Judgment and Commitment is modified to strike the reference to § 46-14-312, MCA, and is affirmed in all other respects.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur.

_____
Chief Justice

_____

_____

_____

_____
Justices

7