No. 98-375

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 304N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

TRAVIS LEE RONNINGEN,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Rosebud,

Honorable Joe Hegel, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

John Houtz, Attorney at Law, Forsyth, Montana

Havre, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General, Helena, Montana

Lee R. Kerr, County Attorney, Forsyth, Montana

Submitted on Briefs: November 5, 1998

Decided: December 8, 1998

Filed:

No

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Travis Lee Ronningen appeals a judgment of the Sixteenth Judicial District Court, Rosebud County, revoking his deferred imposition of sentence on a theft conviction. We affirm.**

**¶3. The sole issue on appeal is whether the District Court abused its discretion in revoking Ronningen's deferred imposition of sentence.**

**¶4. A deferred or suspended sentence may be revoked upon proof by the prosecution, by a preponderance of the evidence, that the defendant has violated the terms and conditions of the sentence. Section 46-18-203(6), MCA. "All that is required is . . . that the judge is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty." *State v. Lange* (1989), 237 Mont. 486, 491, 775 P.2d 213, 216, quoting *State v. Kern* (1984), 212 Mont. 385, 389, 695 P.2d 1300, 1302. This Court will affirm the district court's decision to revoke a deferred or suspended sentence unless the court abused its discretion. *State v. Butler* (1995), 272 Mont. 286, 289, 900 P.2d 908, 910.**

**¶5. The reasons cited for revoking Ronningen's probation were that he was found in**

possession of drug paraphernalia and that he failed to complete a court-ordered chemical dependency evaluation. Ronningen argues that there was no evidence that the items found in his possession and deemed drug paraphernalia--a reloading scale and an attached list of equivalent quantities for drug sales--had been used in any criminal activity since the time he was placed on probation. He further claims that he did not have time to schedule a chemical dependency evaluation.

¶6. It was not necessary that a new criminal offense be established to support the claim of violation of the court's condition that Ronningen not possess drug paraphernalia. Possession alone was sufficient to establish violation of that restriction. Additionally, in the seven weeks between the time the deferred sentence was imposed and the filing of the petition for revocation, Ronningen had failed to take even the preliminary step of scheduling the court-ordered chemical dependency evaluation.

¶7. Having reviewed the record, we see no abuse of discretion on the part of the District Court. The revocation of Ronningen's deferred sentence is therefore affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART