No. 00-263

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 170


STATE OF MONTANA,

Plaintiff and Respondent,

v.

AUDREY A. WALKER,

Defendant and Appellant.

APPEAL FROM: District Court of the Twenty-Second Judicial District,

In and for the County of Big Horn,

The Honorable Blair Jones, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James L. Vogel, Attorney at Law, Hardin, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; John Paulson, Assistant Attorney General, Helena, Montana

Christine A. Cooke, Big Horn County Attorney; Curtis Bevolden,

Deputy County Attorney, Hardin, Montana

Submitted on Briefs: August 17, 2000
Decided: August 23, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray, delivered the Opinion of the Court.

¶1 Audrey Walker (Walker) appeals from an order entered by the Twenty-Second Judicial District Court, Big Horn County, revoking her probationary sentence. We affirm.

¶2 The issue on appeal is whether the District Court erred in rejecting Walker's constitutional challenge to § 61-8-731, MCA, on double jeopardy grounds when it revoked her probation and committed her to the Department of Corrections for the remainder of the original probationary period.

## BACKGROUND

¶3 In June of 1998, Walker was sentenced to six months in prison, to be followed by two years of supervised probation, for a felony driving under the influence of alcohol (DUI) conviction; in addition, she was fined $1,000. Walker was released from confinement in October of 1998, at which time her two-year probationary sentence began.

¶4 In December of 1999, based on a Report of Violation of conditions of probation, the Big Horn County Attorney filed a Petition for Revocation. Walker appeared before the District Court and admitted violating her probation by failing to comply with numerous laws, failing to report these violations to her probation officer and consuming alcohol.

¶5 During the revocation proceedings, Walker argued she could not be incarcerated for probation violations, since she had served the entirety of her six-month prison term. Under her theory, any additional commitment to the Department of Corrections (DOC) would constitute multiple punishments for the same offense, thereby violating constitutional prohibitions against double jeopardy.

¶6 After briefing by the parties, the District Court determined incarceration imposed as a consequence of Walker's probation violations would not constitute double jeopardy, revoked her probation and committed her to the DOC for the time remaining on her

original two-year probation. Walker appeals.

## STANDARDS OF REVIEW

¶7 We review a district court's conclusions of law to determine whether they are correct. *School Trust v. State, ex rel. Bd. Com'rs*, 1999 MT 263, ¶ 11, 296 Mont. 402, ¶ 11, 989 P.2d 800, ¶ 11 (citation omitted). Under the Montana Constitution, courts are vested with the exclusive power to construe and interpret acts of the Legislature, as well as provisions of the Constitution; inherent in that power is the responsibility to determine whether a law conforms to the Constitution. *State v. Guillaume*, 1999 MT 29, ¶ 14, 293 Mont. 224, ¶ 14, 975 P.2d 312, ¶ 14 (citations omitted). Statutes are presumed to be constitutional and a party challenging the constitutionality of a statute bears the burden of proving it unconstitutional beyond a reasonable doubt. Any doubt is to be resolved in favor of the statute. *School Trust*, ¶ 11 (citations omitted).

## DISCUSSION

¶17 Did the District Court err in rejecting Walker's constitutional challenge to § 61-8-731, MCA, on double jeopardy grounds when it revoked her probation and committed her to the DOC for the remainder of the original probationary period?

¶18 Walker was sentenced on her felony DUI conviction pursuant to § 61-8-731, MCA, which provides in pertinent part:

(1) On the fourth or subsequent conviction [of DUI] the person is guilty of a felony and shall be punished by:

> (a) imprisonment for a term of not less than 6 months or more than 13 months, for which the imposition or execution of the first 6 months may not be suspended, and during which the person is not eligible for parole;

> (b) probation for a term of not less than 1 year or more than 4 years; and (c) a fine of not less than $1,000 or more than $10,000.

> . . . .

> (3) The sentencing judge may impose upon the defendant any reasonable restrictions or conditions during the period of probation . . . .

. . . .

> (5) If a violation of the restrictions or conditions of the probation is established, the court may continue the period of probation or may require the defendant to serve the remainder of the probation sentence in [a state prison or other correctional facility].

As set forth above, the sentencing court sentenced Walker under all three subsections of § 61-8-731(1), MCA, by imprisoning her for the minimum term of 6 months, placing her on probation under specified conditions thereafter for 2 years, and fining her $1,000. Upon a later determination that Walker violated the terms of her probation, the District Court required her to serve the remainder of her probationary sentence under a commitment to the DOC pursuant to § 61-8-731(5), MCA.

¶10 Walker concedes that § 61-8-731, MCA, authorized her original sentence, the revocation of her probation and her commitment to the DOC to serve the remaining probation time. She contends, however, that the statute is unconstitutional as applied to her. We address her arguments in turn.

¶11 Walker argues first, although not with particular clarity, that there is a distinction between the revocation of a suspended sentence and the revocation of a probationary sentence. While acknowledging our cases rejecting double jeopardy arguments in relation to the revocation of suspended sentences, she maintains those cases--which interpret § 46-18-203, MCA, providing for the revocation of suspended or deferred sentences--"do not support the action taken here."

¶12 In *State v. Lange* (1989), 237 Mont. 486, 775 P.2d 213, we considered whether the revocation of a suspended sentence pursuant to § 46-18-203, MCA, for violations of probationary conditions implicated constitutional double jeopardy concerns. In holding that the revocation of a suspended sentence does not violate rights against double jeopardy, we determined that the subsequent conduct, not the original offense, forms the basis for revocation and the sentencing court "retains jurisdiction over defendant during the period of probation." *Lange*, 237 Mont. at 489, 775 P.2d at 215 (citations omitted). These principles appear equally applicable in the present case notwithstanding that we addressed § 46-18-203, MCA, there and Walker challenges § 61-8-731, MCA, here. Like § 46-18-203, MCA, § 61-8-731(5), MCA, provides by its terms for incarceration upon violation of conditions of probation. Furthermore, the revocation in both situations is not

new punishment for the criminal offense, it constitutes the consequence of violating probationary conditions. Thus, while Walker argues for a distinction for double jeopardy purposes between revocation based on a suspended or deferred sentence under § 46-18-203, MCA, and revocation based on a legal probationary sentence under § 61-8-731, MCA, she fails to explain how such a distinction might manifest itself or provide any authority for such a distinction. She appears to suggest that a court must stand idly--and futilely--by while a probationer violates conditions of probation. No cited authority compels such a result.

¶13 Walker next argues that the additional period of incarceration resulting from her probation violations constitutes double jeopardy under our decision in *Guillaume*, because she received two sentences for the same offense. We disagree.

¶14 There, the defendant was sentenced to 10 years in prison for committing the offense of felony assault, a statutory element of which is the use of a weapon. His sentence was enhanced by 5 years pursuant to a statute providing for such an additional sentence upon a conviction of an offense in which the person knowingly uses a dangerous weapon. *Guillaume*, ¶ 9. The defendant argued on appeal that the weapon enhancement statute was unconstitutional as applied to him because he received two sentences for the use of a weapon, thereby violating the double jeopardy prohibition in Article II, Section 25 of the Montana Constitution by imposing multiple sentences for the same act of using a weapon. *See Guillaume*, ¶¶ 10, 12. We agreed, determining he was subjected to double punishment for use of a weapon. *Guillaume*, ¶¶ 16, 18.

¶15 Walker contends that, like the defendant in *Guillaume*, her right against double jeopardy has been violated in the present case. She argues that the only difference between her situation and that in *Guillaume* is that, there, the "double sentence" was imposed at the time of the original sentence and, here, the alleged "double sentence" was imposed at the time her probationary sentence was revoked nearly two years later. Walker fails to recognize, however, that the very basis for our conclusion in *Guillaume* was the double sentence that defendant received for the same act, the use of a weapon. It was that double punishment that violated the constitutional prohibition against double jeopardy. The revocation of Walker's probationary sentence for violations of conditions of probation is not a second punishment for her original DUI offense; the revocation is the consequence of her later acts of violating probation conditions.

¶16 Walker bears the burden of proving § 61-8-731, MCA, unconstitutional beyond a

reasonable doubt as applied to her. *See School Trust*, ¶ 11 (citations omitted). She has not met her burden. We hold, therefore, that the District Court did not err in rejecting Walker's constitutional challenge to § 61-8-731, MCA, on double jeopardy grounds when it revoked her probation and committed her to the DOC for the remainder of the original probationary period.

¶17 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART