
DA 06-0607

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 251N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CINDY JO CONVERSE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-05-1061
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kelly J. Varnes, Hendrickson, Everson, Noennig & Woodward, P.C. Billings, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; Ilka Becker, Assistant Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney; Sheila Kolar, Deputy County Attorney, Billings, Montana

Submitted on Briefs:  May 23, 2007

Decided:  October 2, 2007

Filed:

_____
                Clerk

Justice John Warner delivered the Opinion of the Court.

¶1	Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Appellant Cindy Jo Converse (Converse) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying her motion to dismiss.

¶3	On September 24, 2002, Converse was convicted of misprision of a felony, in violation 18 U.S.C. § 4 in United States District Court, District of Montana. Converse's sentence included one year of supervised release.

¶4	During Converse's supervised release, on or about June 18, 2004, a United States Probation Officer requested Billings Police to assist with a probation search. A search of Converse's residence revealed 2.1 grams of methamphetamine. Converse stated the drugs were hers.

¶5	Upon receipt of the Probation Officer's report, the U.S. Attorney filed a petition to issue an arrest warrant, in part, for Converse's violation of probation. The U.S. District Court revoked Converse's supervised release and committed her to the custody of the Bureau of Prisons for twelve months. The U.S. Attorney did not charge Converse with a federal offense for possessing the 2.1 grams of methamphetamine. Converse was released from federal custody on June 18, 2005.

¶6    On November 21, 2005, the State of Montana charged Converse with felony possession of dangerous drugs, methamphetamine, under § 45-9-102, MCA. The methamphetamine she was alleged to have unlawfully possessed was the same methamphetamine which resulted in the revocation of her federal probation. Converse moved to dismiss the charge, arguing the United States had already punished her for that offense when it revoked her probation. The District Court denied her motion. Converse pled guilty reserving the right to appeal the denial of her motion to dismiss. Converse was sentenced and this appeal followed.

¶7    Converse argues that the District Court erred by not granting her motion to dismiss because the revocation of her federal supervised release and the criminal charge filed by the State result in double punishment for the same crime. However, the revocation of a probationary sentence does not constitute new punishment for the previous criminal offense. Revocation is the consequence of violating probationary conditions. *State v. Walker*, 2001 MT 170, ¶ 12, 306 Mont. 159, ¶ 12, 30 P.3d 1099, ¶ 12. Charging Converse with a criminal offense for possessing the methamphetamine in question does not constitute charging her with an offense for which she has already been punished.

¶8    The facts in this case are not contested. It is manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶9    Affirmed.

/S/ JOHN WARNER

We Concur:

3

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS